104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Domingo MARMOLEJO, Defendant-Appellant.
 No. 95-1710.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 Philip L. Weinstein, Legal Aid Society, Federal Defender Division Appeals Bureau, New York, NY.
 Christopher P. Tuite, A.U.S.A., W.D.N.Y., Rochester, NY.
 Present: FEINBERG, CARDAMONE, McLAUGHLIN, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued.
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 Domingo Marmolejo was a leader of a drug trafficking conspiracy operating out of Buffalo, New York. The government used traditional investigatory techniques to investigate Marmolejo, including using an informant, tailing suspects and taking photographs, executing a consensual search, searching DMV records, and interviewing witnesses. Despite these efforts, the government failed to identify additional leading members of the conspiracy or the location of drug assets. As part of the investigation, the government obtained a series of orders authorizing the interception of electronic communications. These orders provided the government with substantial incriminating information, and led to Marmolejo's arrest and conviction by a jury in the United States District Court for the Western District of New York (Arcara, J.) of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(4) and 18 U.S.C. § 2.
 
 
 1
 Before his trial, Marmolejo moved to suppress evidence obtained from the electronic surveillance, arguing that the government's application failed to establish that normal investigative techniques had been tried and were unsuccessful, as required by 18 U.S.C. § 2518(3)(c). His motion was denied. He now appeals his conviction.
 
 
 2
 Before obtaining authorization to use electronic surveillance, the government must establish that normal investigative procedures have failed, are unlikely to succeed, or are likely to be dangerous. 18 U.S.C. § 2518(3)(c). The requirements of 18 U.S.C. § 2518(3)(c) are met when the government's affidavits specify the attempts made to use traditional investigatory techniques, such as physical surveillance, investigatory grand juries, interviewing witnesses, informants, etc., and why such techniques were not or are unlikely to be successful. See United States v. Torres, 901 F.2d 205 (2d Cir.), cert. denied, 498 U.S. 906 (1990); United States v. Young, 822 F.2d 1234 (2d Cir.1987).
 
 
 3
 We review the district court's wiretap orders to ascertain whether the facts set forth in the application were minimally adequate to support the orders. Torres, 901 F.2d at 231.
 
 
 4
 We find that the government's affidavits were sufficient. These affidavits specifically detailed what investigative techniques had been used, their limited success, and why those traditional techniques were unlikely to be successful if repeated. For example, the affidavits indicated that physical surveillance in ethnic neighborhoods by nonethnic agents is unlikely to succeed because the agents' presence is easily detected. See United States v. Ruggiero, 726 F.2d 913, 924 (2d Cir.), cert. denied, 469 U.S. 831 (1984). These explanations easily meet the "minimally adequate" standard. See Torres, 901 F.2d at 205; Young, 822 F.2d at 1234.
 
 
 5
 We have considered all the arguments raised by Marmolejo, and find them to be without merit.
 
 
 6
 Accordingly, the decision of the district court is AFFIRMED.